UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

JACK LIPKIN,

      Plaintiff,

vs.

NORWEGIAN CRUISE LINE LIMITED, a Bermuda
corporation; NORWEGIAN CRUISE LINES, INC.;
NCL (Bahamas) LTD.,a Bermuda Company d/b/a
NCL; and NCL AMERICA, INC.

      Defendant.

## COMPLAINT

      Plaintiff, JACK LIPKIN, by and through his undersigned counsel, sues Defendants,

NORWEGIAN CRUISE LINE LIMITED, a Bermuda corporation; NORWEGIAN CRUISE LINES,

INC.:NCL (Bahamas) LTD.,a Bermuda Company d/b/a NCL; and NCL AMERICA, INC., alleges

and states as follows:

      1.     Plaintiff, JACK LIPKIN, is a resident of Delray Beach, Florida.

      2.     At all times material hereto, Defendant, NORWEGIAN CRUISE LINE LIMITED,

a Bermuda corporation (hereinafter "NORWEGIAN CRUISE LINE LIMITED"),  is a foreign

corporation authorized to do and was doing business in the State of Florida, and has its principal

place of business in Miami, Florida.

      3.     At all times material hereto, Defendant, NORWEGIAN CRUISE LINES INC., is a

corporation authorized to do and was doing business in the State of Florida, and has its principal

place of business in Miami, Florida.

4.      At all times material hereto, Defendant, NCL (Bahamas) INC., a Bermuda Company d/b/a NCL (hereinafter "NCL"), is a foreign corporation authorized to do and was doing business in the State of Florida, and has its principal place of business in Miami, Florida.

5.      At all times material hereto, Defendant, NCL AMERICA, INC., is a foreign corporation authorized to do and was doing business in the State of Florida, and has its principal place of business in Miami, Florida.

6.      At all times material hereto, Defendant, NORWEGIAN CRUISE LINE LIMITED, owned, operated and/or managed the building which contained the people mover and/or the personnel who operated, managed or controlled movement on the people mover that was involved in Mr. Lipkin's fall and injury as more fully described herein after.

7.      At all times material hereto, Defendant, NORWEGIAN CRUISE LINES, INC., owned, operated and/or managed the building which contained the people mover and/or the personnel who operated, managed and/or controlled movement on the people mover that was involved in Mr. Lipkin's fall and injury as more fully described herein after.

8.      At all times material hereto, Defendant, NCL, owned, operated and/or managed the building which contained the people mover and/or the personnel who operated, managed and/or controlled movement on the people mover that was involved in Mr. Lipkin's fall and injury as more fully described herein after.

9.      At all times material hereto, Defendant, NCL AMERICA, INC., owned, operated and/or managed the building which contained the people mover and/or the personnel who operated, managed and/or controlled movement on the people mover that was involved in Mr. Lipkin's fall and injury as more fully described herein after.

10.     At all times material hereto, Plaintiff, JACK LIPKIN, was a business invitee and was

injured in the building owned, operated, managed and/or controlled by one or more of the Defendants and/or their agents.

**COUNT I**
**NEGLIGENCE - NORWEGIAN CRUISE LINE LIMITED**

Plaintiff realleges paragraphs 1-10 as though fully set forth herein and further alleges:

11.     On November 25, 2012, Plaintiff, JACK LIPKIN, was a business invitee in a building owned, managed and/or controlled by one or more of the Defendants.

12.     The Plaintiff, JACK LIPKIN, while attempting to ambulate through the Defendants' building using a cane, took advantage of an available people-mover.

13.     Unfortunately, Mr. Lipkin was allowed and/or directed to board the people mover behind another business invitee that was allowed to push her husband on a wheel chair on the people-mover. This caused Mr. Lipkin to be injured.

14.     Specifically, a fellow business invitee was pushing a wheel chair which was transporting her non ambulating husband in front of Mr. Lipkin on the people-mover as directed by the Defendants' and their employees and/or agents. Said wheelchair became lodged and/or stuck preventing it from rolling off the people-mover.

15.     The people-mover continued to operate and delivered Mr. Lipkin, who was using a cane to ambulate, to the end of the people-mover. At that point in time, the wheelchair that was stuck in its location at the end of the people-mover preventing Mr. Lipkin from exiting.

16.     Mr. Lipkin was then propelled and/or driven into the person pushing the wheelchair. The wheelchair and its occupant prevented Mr. Lipkin from traversing the threshold of the people-mover and caused Mr. Lipkin to suffer severe and permanent injuries as more fully described herein after.

17.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to use an available people-mover located in the Defendants' building, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries  to his hip and leg.

18.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINE LIMITED, including its agents, apparent agents, and employees, had a duty to provide a reasonably safe means to transverse on its property for business invitees, such as Mr. Lipkin.

19.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINE LIMITED, through its agents, apparent agents, and employees, breached its duty of care and was negligent in one or more of the following respects:

      a)     Allowing people to access and/or use people-movers in wheel chairs;

      b)     Allowing people to disembark on wheel chairs while using the people-movers without supervision;

      c)     Failed to reasonably and safely secure the means of egressing on its people-mover;

      d)     Failed to prevent people from using wheelchairs on the people-movers;

      e)     Failed to provide reasonably safe means of egressing through its building;

      f)     Failed to reasonably and safely warn Plaintiff of the dangers of people using wheel chairs on the people-movers;

      g)     Failed to safely and properly assist people walking through their building; and

      h)     Other acts of negligence as discovery may reveal.

20.     As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as

well as loss of capacity for the enjoyment of life.

21.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NORWEGIAN CRUISE LINE LIMITED, its agents, apparent agents, and employees, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINE LIMITED, in excess of the jurisdictional limits plus any applicable costs of this suit and for any other relief this Court deems just.

## COUNT II
## NEGLIGENCE - NORWEGIAN CRUISE LINES INC.

Plaintiff realleges paragraphs 1-16 as though fully set forth herein and further alleges:

22.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to use an available people-mover located in the Defendants' building, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries  to his hip and leg.

23.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINES INC., including its agents, apparent agents, and employees, had a duty to provide a reasonably safe means to transverse on its property for business invitees, such as Mr. Lipkin.

24.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINES INC., through its agents, apparent agents, and employees, breached its duty of care and was negligent in one or more of the following respects:

        a)     Allowing people to access and/or use people-movers in wheel chairs;

        b)     Allowing people to disembark on wheel chairs while using the people-movers without supervision;

c)      Failed to reasonably and safely secure the means of egressing on its people-mover;

d)      Failed to prevent people from using wheelchairs on the people-movers;

e)      Failed to provide reasonably safe means of egressing through its building;

f)      Failed to reasonably and safely warn Plaintiff of the dangers of people using wheel chairs on the people-movers;

g)      Failed to safely and properly assist people walking through their building; and

h)      Other acts of negligence as discovery may reveal.

25.     As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

26.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NORWEGIAN CRUISE LINES INC., its agents, apparent agents, and employees, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINES INC., in excess of the jurisdictional limits plus any applicable costs of this suit and for any other relief this Court deems just.

## COUNT III
## NEGLIGENCE - NCL

Plaintiff realleges paragraphs 1-16 as though fully set forth herein and further alleges:

27.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to use an available people-mover located in the Defendants' building, was caused to fall from a people-mover

and was caused to sustain fractures and other related injuries to his hip and leg.

28.     On November 25, 2012, Defendant, NCL, including its agents, apparent agents, and employees, had a duty to provide a reasonably safe means to transverse on its property for business invitees, such as Mr. Lipkin.

29.     On November 25, 2012, Defendant, NCL, through its agents, apparent agents, and employees, breached its duty of care and was negligent in one or more of the following respects:

      a)    Allowing people to access and/or use people-movers in wheel chairs;

      b)    Allowing people to disembark on wheel chairs while using the people-movers without supervision;

      c)    Failed to reasonably and safely secure the means of egressing on its people-mover;

      d)    Failed to prevent people from using wheelchairs on the people-movers;

      e)    Failed to provide reasonably safe means of egressing through its building;

      f)    Failed to reasonably and safely warn Plaintiff of the dangers of people using wheel chairs on the people-movers;

      g)    Failed to safely and properly assist people walking through their building; and

      h)    Other acts of negligence as discovery may reveal.

30.     As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

31.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NCL, its agents, apparent agents, and employees, and

without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL, in excess of the jurisdictional limits plus any applicable costs of this suit and for any other relief this Court deems just.

## COUNT IV
## NEGLIGENCE - NCL AMERICA, INC.

Plaintiff realleges paragraphs 1-16 as though fully set forth herein and further alleges:

32.    On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to use an available people-mover located in the Defendants' building, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries  to his hip and leg.

33.    On November 25, 2012, Defendant, NORWEGIAN CRUISE LINE LIMITED, including its agents, apparent agents, and employees, had a duty to provide a reasonably safe means to transverse on its property for business invitees, such as Mr. Lipkin.

34.    On November 25, 2012, Defendant, NCL AMERICA, INC., through its agents, apparent agents, employees, breached its duty of care and was negligent in one or more of the following respects:

a)    Allowing people to access and/or use people-movers in wheel chairs;

b)    Allowing people to disembark on wheel chairs while using the people-movers without supervision;

c)    Failed to reasonably and safely secure the means of egressing on its people-mover;

d)    Failed to prevent people from using wheelchairs on the people-movers;

e)    Failed to provide reasonably safe means of egressing through its building;

f)    Failed to reasonably and safely warn Plaintiff of the dangers of people using wheel chairs on the people-movers;

g)      Failed to safely and properly assist people walking through their building; and

h)      Other acts of negligence as discovery may reveal.

35.     As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

36.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NCL AMERICA, INC., its agents, apparent agents, employees, officers and crew, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL AMERICA, INC., in excess of the jurisdictional limits plus any applicable costs of this suit and for any other relief this Court deems just.

## COUNT V
## NEGLIGENCE - NORWEGIAN CRUISE LINE LIMITED

Plaintiff realleges paragraphs 1-10 as though fully set forth herein and further alleges:

37.     On November 14, 2012, Plaintiff, JACK LIPKIN, embarked on a eleven day cruise on the Norwegian Sun.

38.     After arriving back in Miami on November 25, 2012, the passengers of the Norwegian Sun were directed by Defendants' employees and/or agents to start disembarkation.

39.     The Plaintiff, JACK LIPKIN, was among those passengers who were disembarking

the Norwegian Sun.

40.     After leaving the ship and traversing the Norwegian Cruise Line terminal, and/or terminal designated by the Defendants to disembark, the Plaintiff was seriously injured.

41.     Specifically, a fellow passenger was pushing a wheel chair which was transporting a non ambulating passenger in front of Mr. Lipkin on the people-mover as directed by the Defendants' and their employees and/or agents. Said wheelchair became lodged and/or stuck preventing it from rolling off the people-mover.

42.     The people-mover continued to operate at that point and delivered Mr. Lipkin, who was using a cane to ambulate, to the end of the people-mover. At that point in time, the wheelchair that was stuck in its location at the end of the people-mover preventing Mr. Lipkin from exiting.

43.     Mr. Lipkin was then propelled and/or driven into the person pushing the wheelchair. The wheelchair and its occupant prevented Mr. Lipkin from traversing the threshold of the people-mover and caused Mr. Lipkin to suffer severe and permanent injuries as more fully described herein after.

44.     On or about November 14, 2012, Plaintiff, JACK LIPKIN, embarked on a cruise on the Norwegian Sun as a fare-paying passenger. (A copy of the passenger's ticket is attached hereto as Exhibit "A").

45.     On or about November 25, 2012, the Norwegian Sun returned to is origination point and docked in Miami, Florida at which time the disembarkment of the passengers of the Norwegian Sun began.

46.     From November 14, 2012 until arriving back in Miami, Florida on November 25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff.

47.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to disembark the

Norwegian Sun, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries to his hip and leg.

48.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINE LIMITED, including its agents, apparent agents, employees, officers and crew, had a duty to provide a reasonably safe means of disembarkment for its passengers.

49.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINE LIMITED, through its agents, apparent agents, employees and officers and crew, breached its duty of care and was negligent in one or more of the following respects:

a)     Allowing passengers to access and/or use people-movers in wheel chairs;

b)     Allowing passengers to disembark on wheel chairs while using the people-movers without supervision;

c)     Failed to reasonably and safely secure the means of disembarkment;

d)     Failed to prevent passengers from using wheelchairs on the people-movers;

e)     Failed to provide reasonably safe means of disembarkment;

f)     Failed to reasonably and safely warn Plaintiff of the dangers of passengers using wheel chairs on the people-movers;

g)     Failed to safely and properly assist passengers disembarking the cruise ship; and

h)     Other acts of negligence as discovery may reveal.

50.     As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

51.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NORWEGIAN CRUISE LINE LIMITED, its agents, apparent agents, employees, officers and crew, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINE LIMITED, in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

## COUNT VI
## BREACH OF CONTRACT - NORWEGIAN CRUISE LINE LIMITED

Plaintiff realleges paragraphs 1-10 and 37-47 as though fully set forth herein and further alleges:

52.     Plaintiff, JACK LIPKIN, entered into a contract with Defendant, NORWEGIAN CRUISE LINE LIMITED, for a safe cruise from Miami, Florida and return safely to Miami, Florida.

53.     NORWEGIAN CRUISE LINE LIMITED, breached its contract with Plaintiff, JACK LIPKIN, by failing to return him to the point of disembarkation safely.

54.     As a direst and proximate cause of the breach of contract by NORWEGIAN CRUISE LINE LIMITED, Plaintiff, JACK LIPKIN, was caused to suffer a fracturing injury to his hip and leg.

55.     As a direct and proximate cause of the breach of contract by NORWEGIAN CRUISE LINE LIMITED, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures to his hip and leg and relating pain and suffering, disability, disfigurement and incurring medical expenses along with the loss of the capacity of enjoyment of life.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINE LIMITED, in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

**COUNT VII**
**NEGLIGENCE - NORWEGIAN CRUISE LINES INC.**

Plaintiff realleges paragraphs 1-10 and 37-43 as though fully set forth herein and further alleges:

56.     On or about November 14, 2012, Plaintiff, JACK LIPKIN, embarked on a cruise on the Norwegian Sun as a fare-paying passenger. (A copy of the passenger's ticket is attached hereto as Exhibit "A").

57.     On or about November 25, 2012, the Norwegian Sun returned to is origination point and docked in Miami, Florida at which time the disembarkment of the passengers of the Norwegian Sun began.

58.     From November 14, 2012 until arriving back in Miami, Florida onNovember 25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff.

59.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to disembark the Norwegian Sun, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries  to his hip and leg.

60.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINES INC., including its agents, apparent agents, employees, officers and crew, had a duty to provide a reasonably safe means of disembarkment for its passengers.

61.     On November 25, 2012, Defendant, NORWEGIAN CRUISE LINES INC., through its agents, apparent agents, employees and officers and crew, breached its duty of care and was negligent in one or more of the following respects:

a)   Allowing passengers to access and/or use people-movers in wheel chairs;

b)   Allowing passengers to disembark on wheel chairs while using the people-movers without supervision;

c)   Failed to reasonably and safely secure the means of disembarkment;

d)   Failed to prevent passengers from using wheelchairs on the people-movers;

e)   Failed to provide reasonably safe means of disembarkment;

f)   Failed to reasonably and safely warn Plaintiff of the dangers of passengers using wheel chairs on the people-movers;

g)   Failed to safely and properly assist passengers disembarking the cruise ship; and

h)   Other acts of negligence as discovery may reveal.

62.   As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

63.   The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NORWEGIAN CRUISE LINES INC., its agents, apparent agents, employees, officers and crew, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINES INC., in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

## COUNT VIII
## BREACH OF CONTRACT - NORWEGIAN CRUISE LINES INC.

Plaintiff realleges paragraphs 1-10 and 37-47 as though fully set forth herein and further alleges:

64.    Plaintiff, JACK LIPKIN, entered into a contract with Defendant, NORWEGIAN CRUISE LINES INC., for a safe cruise from Miami, Florida and return safely to Miami, Florida.

65.    NORWEGIAN CRUISE LINES INC., breached its contract with Plaintiff, JACK LIPKIN, by failing to return him to the point of disembarkation safely.

66.    As a direst and proximate cause of the breach of contract by NORWEGIAN CRUISE LINES INC., Plaintiff, JACK LIPKIN, was caused to suffer a fracturing injury to his hip and leg.

67.    As a direct and proximate cause of the breach of contract by NORWEGIAN CRUISE LINES INC., Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures to his hip and leg and relating pain and suffering, disability, disfigurement and incurring medical expenses along with the loss of the capacity of enjoyment of life.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NORWEGIAN CRUISE LINES INC., in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

## COUNT IX
## NEGLIGENCE - NCL

Plaintiff realleges paragraphs 1-10 and 37-43 as though fully set forth herein and further alleges:

68.    On or about November 14, 2012, Plaintiff, JACK LIPKIN, embarked on a cruise on the Norwegian Sun as a fare-paying passenger. (A copy of the passenger's ticket is attached hereto as Exhibit "A").

69.     On or about November 25, 2012, the Norwegian Sun returned to is origination point and docked in Miami, Florida at which time the disembarkment of the passengers of the Norwegian Sun began.

70.     From November 14, 2012 until arriving back in Miami, Florida onNovember 25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff.

71.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to disembark the Norwegian Sun, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries to his hip and leg.

72.     On November 25, 2012, Defendant, NCL, including its agents, apparent agents, employees, officers and crew, had a duty to provide a reasonably safe means of disembarkment for its passengers.

73.     On November 25, 2012, Defendant, NCL, through its agents, apparent agents, employees and officers and crew, breached its duty of care and was negligent in one or more of the following respects:

a)     Allowing passengers to access and/or use people-movers in wheel chairs;

b)     Allowing passengers to disembark on wheel chairs while using the people-movers without supervision;

c)     Failed to reasonably and safely secure the means of disembarkment;

d)     Failed to prevent passengers from using wheelchairs on the people-movers;

e)     Failed to provide reasonably safe means of disembarkment;

f)     Failed to reasonably and safely warn Plaintiff of the dangers of passengers using wheel chairs on the people-movers;

g)     Failed to safely and properly assist passengers disembarking the cruise ship; and

h)      Other acts of negligence as discovery may reveal.

74.      As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg, pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as well as loss of capacity for the enjoyment of life.

75.      The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained solely by the negligence of the Defendant, NCL, its agents, apparent agents, employees, officers and crew, and without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL, in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

## COUNT X
## BREACH OF CONTRACT - NCL

Plaintiff realleges paragraphs 1-10 and 37-47 as though fully set forth herein and further alleges:

76.      Plaintiff, JACK LIPKIN, entered into a contract with Defendant, NCL for a safe cruise from Miami, Florida and return safely to Miami, Florida.

77.      Defendant, NCL, breached its contract with plaintiff, JACK LIPKIN, by failing to return him to the point of disembarkation safely.

78.      As a direst and proximate cause of the breach of contract by NCL, Plaintiff, JACK LIPKIN, was caused to suffer a fracturing injury to his hip and leg.

79.      As a direct and proximate cause of the breach of contract by NCL, Plaintiff, JACK

LIPKIN, sustained serious and permanent personal, mental and pecuinary injuries, including but not limited to fractures to his hip and leg and relating pain and suffering, disability, disfigurement and incurring medical expenses along with the loss of the capacity of enjoyment of life.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL, in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

**COUNT XI**
**NEGLIGENCE - NCL AMERICA, INC.**

Plaintiff realleges paragraphs 1-10 and 37-43 as though fully set forth herein and further alleges:

80.     On or about November 14, 2012, Plaintiff, JACK LIPKIN, embarked on a cruise on the Norwegian Sun as a fare-paying passenger. (A copy of the passenger's ticket is attached hereto as Exhibit "A").

81.     On or about November 25, 2012, the Norwegian Sun returned to is origination point and docked in Miami, Florida at which time the disembarkment of the passengers of the Norwegian Sun began.

82.     From November 14, 2012 until arriving back in Miami, Florida on November 25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff.

83.     On November 25, 2012, Plaintiff, JACK LIPKIN, while attempting to disembark the Norwegian Sun, was caused to fall from a people-mover and was caused to sustain fractures and other related injuries to his hip and leg.

84.     On November 25, 2012, Defendant, NCL AMERICA, INC., including its agents, apparent agents, employees, officers and crew, had a duty to provide a reasonably safe means of

disembarkment for its passengers.

      85.     On November 25, 2012, Defendant, NCL AMERICA, INC., through its agents,

apparent agents, employees and officers and crew, breached its duty of care and was negligent in one

or more of the following respects:

      a)     Allowing passengers to access and/or use people-movers in wheel chairs;

      b)     Allowing passengers to disembark on wheel chairs while using the people-movers without supervision;

      c)     Failed to reasonably and safely secure the means of disembarkment;

      d)     Failed to prevent passengers from using wheelchairs on the people-movers;

      e)     Failed to provide reasonably safe means of disembarkment;

      f)     Failed to reasonably and safely warn Plaintiff of the dangers of passengers using wheel chairs on the people-movers;

      g)     Failed to safely and properly assist passengers disembarking the cruise ship; and

      h)     Other acts of negligence as discovery may reveal.

      86.     As a direct and proximate cause of one or more of the aforementioned negligent acts

and/or omissions, Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and

pecuniary injuries, including but not limited to fractures and other related injuries to the hip and leg,

pain and suffering, disability, disfigurement, and medical expenses in the past and in the future as

well as loss of capacity for the enjoyment of life.

      87.     The serious bodily injuries sustained by Plaintiff, JACK LIPKIN, were sustained

solely by the negligence of the Defendant, NCL AMERICA, INC., its agents, apparent agents,

employees, officers and crew, and without any negligence on the part of Plaintiff contributing

thereto.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL AMERICA, INC., in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

**COUNT XII**
**BREACH OF CONTRACT - NCL AMERICA, INC**

Plaintiff realleges paragraphs 1-10 and 37-47 as though fully set forth herein and further alleges:

88.     Plaintiff, JACK LIPKIN, entered into a contract with Defendant, NCL AMERICA, INC., for a safe cruise from Miami, Florida and return safely to Miami, Florida.

89.     NCL AMERICA, INC., breached its contract with plaintiff, JACK LIPKIN, by failing to return him to the point of disembarkation safely.

90.     As a direst and proximate cause of the breach of contract by NCL AMERICA, INC., Plaintiff, JACK LIPKIN, was caused to suffer a fracturing injury to his hip and leg and other related injuries.

91.     As a direct and proximate cause of the breach of contract by NCL AMERICA, INC., Plaintiff, JACK LIPKIN, sustained serious and permanent personal, mental and pecuniary injuries, including but not limited to fractures to his hip and leg and relating pain and suffering, disability, disfigurement and incurring medical expenses along with the loss of the capacity of enjoyment of life.

WHEREFORE, Plaintiff, JACK LIPKIN, demands damages against Defendant, NCL AMERICA, INC., in excess of the jurisdictional limits plus any applicable attorney fees and costs of this suit and for any other relief this Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

DATED this 20th day of November, 213.

Respectfully submitted,

Scott L. Henratty, Esq.
Fla. Bar No.: 113522
Servemalovehenratty@malovelawfirm.com
Lspellacy@malovelawfirm.com
MaloveHenratty, P.A.
14 Rose Drive
Fort Lauderdale, FL 33316
Telephone: (954)767-1000
Facsimile: (954)767-1001
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by using CM/ECF and sent via e-mail on this 20th day of November, 2013 on all counsel or parties of record on the Service List below.

By: _____
SCOTT L. HENRATTY, Esq.
Fla. Bar No.: 113522

## SERVICE LIST

SCOTT L. HENRATTY, ESQ.
Servemalovehenratty@malovelawfirm.com
Lspellacy@malovelawfirm.com
MALOVE HENRATTY, P.A.
14 Rose Drive
Fort Lauderdale, FL 33316
Telephone: (954)767-1000
Facsimile: (954)767-1001
Attorney for Plaintiff