UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-24206-CV-WILLIAMS/Turnoff


JACK LIPKIN,

      Plaintiff,

vs.

NORWEGIAN CRUISE LINE LIMITED, a Bermuda
Corporation; NORWEGIAN CRUISE LINES, INC.;
NCL (Bahamas) LTD., a Bermuda Company d/b/a
NCL; and NCL AMERICA, INC.,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, NORWEGIAN CRUISE LINE LIMITED, NORWEGIAN CRUISE LINES, INC., NCL (Bahamas) LTD., d/b/a NCL, and NCL AMERICA, INC., by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff's Complaint, and state:

### INTRODUCTION AND BACKGROUND

After successfully disembarking from the cruise ship, the Norwegian *Sun,* without incident, the Plaintiff claims that he was injured on a people mover in the Port of Miami's terminal. Nevertheless, Plaintiff attempts to hold Defendants liable for his alleged injuries.

On June 6, 2013, Plaintiff filed an eight-count Complaint based on this incident in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County alleging negligence and breach of contract, stating that he was, "a paying passenger vacationing on the cruise ship Norwegian *Sun*" and that "[a] copy of the passenger's ticket is attached [to the Complaint] as Exhibit "A." Defendants moved to dismiss Plaintiff's original state court complaint for improper venue

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

pursuant to a forum selection clause in the Plaintiff's Guest Ticket Contract, which required the lawsuit to be brought in the United States District Court for the Southern District of Florida. Plaintiff then filed an amended complaint in state court and removed all references to the subject Guest Ticket Contract, and even to the cruise itself, in an attempt to avoid the mandatory forum selection clause. Similar to the first four Counts of his Complaint here, Plaintiff attempted to argue that the alleged incident instead occurred while he was a "business invitee" in a "building," allegedly collectively owned by the Defendants, in hopes that the state court would not apply the forum selection clause. Despite such artful pleading, the state court held that the Guest Ticket Contract remained applicable to this lawsuit and dismissed Plaintiff's amended state court complaint, with prejudice.

Plaintiff's present Complaint is a confusing amalgamation of both of his previous state court complaints so that there are now many contradictory allegations and a total of twelve Counts, including two negligence claims against each named Defendant; one premised on his status as a "business invitee" in the Port of Miami's terminal and the other as a "passenger vacationing on a cruise ship," in addition to breach of contract claims. Nevertheless, the underlying facts of this case remain the same; Plaintiff's alleged incident occurred inside the Port of Miami's terminal and his Complaint fails to state a claim against the Defendants and should be dismissed.[1]

## MEMORANDUM OF LAW

### I.   LEGAL STANDARD ON MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.

---

[1] As further discussed herein, only the Defendant, NCL (Bahamas) Ltd., a Bemuda Company d/b/a NCL, is a proper party to this case.

Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  This pleading standard demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).

## I.   PLAINTIFF'S FIRST NEGLIGENCE CLAIMS, BASED ON HIS STATUS AS A "BUSINESS INVITEE," FAIL AND SHOULD BE DISMISSED

The mere happening of an accident alone does not give rise to a negligence claim. *Gordon v. Target Corp.*, 2008 U.S. Dist. LEXIS 48070 at *10, 2008 WL 2557509 (S.D. Fla. 2008) (quoting *Belden v. Lynch*, 126 So.2d 578, 581 (Fla. 2nd DCA 1961)); *see also East Bay Raceway v. Parham*, 497 So.2d 719, 720 (Fla. 2nd DCA 1986).  To properly plead a negligence claim, a plaintiff must allege four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1308 (S.D. Fla. 2011) (quoting *Zivojinovich v. Barner,* 525 F.3d 1059, 1067 (11th Cir. 2008).

If Plaintiff attempts to proceed on his alleged status as a "business invitee" in the Defendants' "building", regardless of the fact that the alleged incident occurred in the Port of Miami's terminal, then under Florida law landowners owe two duties to business invitees. *Marchan v. Ross Dress for Less, Inc.*, 2012 U.S. Dist. LEXIS 150939 at *5, 2012 WL 5198335 (S.D. Fla. 2012).  First, they must "use reasonable care in maintaining the premises in a reasonably safe condition." *Id.*

(quoting *Sammon v. Target Corp.*, No. 8:11-cv-1258-T-30EAJ, 2012 U.S. Dist. LEXIS 128932, at *6 (M.D. Fla. 2012). Second, landowners must "give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." *Id.* (quoting *Emmons*, 478 So. 2d at 442).

Instead, Plaintiff claims that the Defendants "had a duty to provide a reasonably safe means to traverse on its property for business invitees." (DE 1, ¶ 18, 23, 28, 33). Not only was Plaintiff's allegation originally part of a bold scheme to thwart the forum selection clause in the applicable Guest Ticket Contract to keep this case out of this Court, but now Plaintiff attempt to hold the Defendants to a legal standard that does not exist under the law.

Regarding the two applicable duties to business invitees, the factual allegations in this case do not implicate the latter duty as both the people mover and the wheelchair were visible to Plaintiff and were not concealed in any way. *See Marchan*, 2012 U.S. Dist. LEXIS 150939 at *5 ("the facts do not implicate the latter duty to warn. The poles at issue were not concealed in any way, but were in fact visible to all of Ross's customers. Indeed, Plaintiffs make no effort in their complaint to allege that the poles were concealed"). In this case, the Plaintiff's Complaint similarly makes no effort to allege that the people mover or wheelchair was concealed such that the Defendant's had a duty to warn its "business invitees."

Regarding the duty to maintain the premises in a reasonably safe condition, Plaintiff's Complaint similarly does not allege that there was anything actually wrong with the people mover. In *Marchan,* the plaintiff failed to allege any breach beyond blanket statements that the defendant "knew or should have known that [a dangerous] condition existed and should have acted to prevent injury to Plaintiff." *See Marchan*, 2012 U.S. Dist. LEXIS 150939 at *6. The *Marchan* Court held that, without the factual foundation to support these claims, the plaintiff's allegations were speculative and should be dismissed. In the present case, Plaintiff does not contend that there was anything

actually wrong with the people mover or that the Defendants knew or should have known of any dangerous condition.   Plaintiff's Complaint fails to state a negligence claim against the Defendants based on his status as a "business invitee" and Counts I-IV should be dismissed.

## II.   PLAINTIFF'S SECOND NEGLIGENCE CLAIMS, BASED ON HIS STATUS AS A CRUISE SHIP PASSENGER, FAIL AND SHOULD BE DISMISSED

The law governing claims brought by passengers against cruise lines is the general maritime law of the United States. *See generally*, Thomas J. Schoenbaum, 1 Admiralty and Maritime Law §3-5 (2d ed. 1994); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990); see also, *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406 (1953).   To properly plead a negligence claim, a plaintiff must allege four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1308 (S.D. Fla. 2011) (quoting *Zivojinovich v. Barner,* 525 F.3d 1059, 1067 (11th Cir. 2008).

To the extent that Plaintiff attempts to proceed based on his alleged status as a passenger after he disembarked from a cruise, it is well settled that a cruise line is not an insurer of its passengers' safety, and does not become liable merely because an accident occurs, especially when that incident allegedly occurs *after* the cruise ends.   *See, e.g., Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986).   In relation to the duty of care owed to passenger on board a ship, the Court of Appeals for the Eleventh Circuit has held that "the benchmark against which a shipowner's behavior must be measured is 'ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition.'" *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).

In the present case, Plaintiff admits that he was not injured on the cruise ship. (DE 1, ¶ 46, 58, 70, 82.)("From November 14, 2012 until arriving back in Miami, Florida on November25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff."). This incident also did not occur while the Plaintiff was off the ship at a scheduled port of call during the cruise. Instead, Plaintiff claims that he was injured *after* he safely exited the ship and was traversing through the Port of Miami's terminal. (DE 1, ¶ 40)("After leaving the ship and traversing the Norwegian Cruise Line terminal, and/or terminal designated by the Defendants to disembark, the Plaintiff was seriously injured."). Based solely on the plain allegations in Plaintiff's Complaint, Defendatnts fulfilled any duty they had to Plaintiff based on his status as a passenger on the cruise ship when the cruise terminated and he left the ship. Defendants did not owe Plaintiff any duty of care inside of the Port of Miami's terminal and Plaintiff's negligence claim fails.

To the extent that Plaintiff argues that Defendants owed him <u>any</u> duty of care for an injury that occurred *after* the cruise ended and he left the ship, at most, that duty would only be to warn of dangers inside the Port of Miami's terminal that it knew about. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)(citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3rd DCA 1985))("In the context of places beyond the point of disembarkation where passengers are invited or reasonably expected to visit, a cruise line's duty to its passengers is to warn of known dangers."). Further, the duty to warn of known dangers "extends only to those dangers which are not apparent and obvious to the passenger." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D.Fla. 2006)(citing *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40, 41 n. 1 (S.D. Fla. 1986)).

In the present case, Plaintiff claims that his alleged incident occurred beyond the point of disembarkation, "[a]fter leaving the ship and traversing the Norwegian Cruise Line terminal, and/or terminal designated by the Defendants to disembark." (DE 1, ¶ 40). If Norwegian is held to the same standard of care in this case that is applicable to passengers disembarking in foreign ports

*during* a cruise, its duty to Plaintiff, if anything, could only have been to warn him of known dangers inside the terminal, which were not apparent or obvious to him.  However, Plaintiff broadly alleges that the Defendants "had a duty to provide a reasonably safe means of disembarkment for its passengers." (DE 1, ¶ 48, 60, 72, 84).  Not only does Plaintiff attempt to hold the Defendants to a legal standard that does not exist under the law, but the contradictory allegations in Plaintiff's Complaint confirm that Defendants did, in fact, provide him a reasonably safe means of disembarking its vessel as he admits that his incident occurred inside the terminal at the port of Miami.  The factual allegation in Plaintiff's Complaint simply do not support the legal duty that he attempts to enforce on the Defendants and his negligence claims fail on the first element.

Additionally, Plaintiff Complaint lacks the requisite allegations regarding the Defendants' actual or constructive knowledge of a dangerous condition to support a breach of the correct duty in this case, the duty to warn.  In *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536 (S.D. Fla. June 5, 2012), the court dismissed a plaintiff's negligence claim that failed to allege any facts showing that a cruise line knew or should have known of a dangerous condition relating to a zip-line excursion that would give rise to a duty to warn.  Despite the plaintiff's allegations that a "laundry list of breaches by [the cruise line] proximately caused the injuries he sustained when he slammed into a tree while zip-lining" the court recognized that "he has not alleged any **facts** from which it may be inferred that [the cruise line] either knew or should have known of any dangerous or unsafe condition associated with the zip-lining excursion." *Id.* at *13.  The court held that while the plaintiff's complaint included "a host of breaches… there are no underlying facts suggesting the requisite actual or constructive knowledge… [to] invoke [the cruise line's] duty to warn." *Id.* at *12, 13.  In *Gayou,* the plaintiff's complaint even included the specific allegation that the cruise line failed to warn the plaintiff of the zip-line's potential for brake failure and that the brakes actually failed causing the plaintiff to crash into a tree and fracture his left foot and ankle.  Nevertheless, the

plaintiff's complaint was dismissed because it did not allege sufficient fact to show that the cruise line knew or should have known of the dangerous or unsafe condition associated with the zip-line excursion.

In the present case, Plaintiff does not explain, or even allege, how Defendants could possibly know that a wheel chair would become lodged or stuck at the end of a people mover inside the terminal at the Port of Miami.  Further, even if a wheelchair on a people mover constituted a dangerous condition, such a condition was as open and obvious to Plaintiff as it was to the Defendants.  Plaintiff cannot allege that Defendants should have known of the alleged danger without any factual allegation to support that claim, especially when he did not recognize the danger as well and entered the people mover directly behind the wheelchair user.  Accordingly, as Plaintiff has not alleged facts that would invoke a duty to warn of a particular dangerous condition that was not open and obvious, Count V, VII, IX, and XI of Plaintiff's Complaint fail and should be dismissed.

**III.  PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS IMPROPER AND MUST BE DISMISSED**

As a preliminary matter, although Plaintiff's Complaint alleges that a copy of the passenger's ticket contract is attached to the Complaint as Exhibit "A" (DE 1, ¶ 44, 56, 68, 80), the Defendants were not served with any exhibits attached to Plaintiff's Complaint and, therefore, a true and correct copy of the subject Guest Ticket Contract between the parties is attached hereto as Exhibit "A." *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281.16 (11th Cir 1999) (when a plaintiff files a complaint based on a document, but fails to attach the document to the complaint and the document is one that could have or in fairness should have been attached to the complaint, the defendant may so attach the document and it will be considered part of the pleading and thus, may be reviewed at the pleadings stage without converting the motion into one for summary judgment; *see also Wajnstat v. Oceania Cruises*, 2011 U.S. Dist. LEXIS 10900 (S.D. Fla. Feb. 4, 2011) (considering the passenger

13-24206-CV-WILLIAMS/Turnoff

ticket contract in ruling on Oceania's motion to dismiss); *Weaver v. Opera Tower, LLC.*, 2008 U.S. Dist. LEXIS 91294 *10 n.1 (S.D. Fla. Aug. 1, 2008).

Plaintiff claims that each Defendant breached the Guest Ticket Contract[2] "by failing to return him to the point of disembarkation safely." (DE 1, ¶ 53, 65, 77, 89).  Notably, Plaintiff's statement here in support of his breach of contract claims is directly contradicted by the main underlying allegation in his Complaint that he was injured well *after* he was returned to the point of disembarkation and that his incident allegedly occurred while he was on a people mover inside the terminal at the Port of Miami.  (DE 1, ¶ 10)("At all times material hereto, Plaintiff, JACK LIPKIN, was a business invitee and was injured in the building owned, operated, managed and/or controlled by one or more of the Defendants and/or their agents.");  (DE 1, ¶ 40)("After leaving the ship and traversing the Norwegian Cruise Line terminal, and/or terminal designated by the Defendants to disembark, the Plaintiff was seriously injured.");  (DE 1, ¶ 46, 58, 70, 82)("From November 14, 2012 until arriving back in Miami, Florida on November 25, the cruise was uneventful with regard to tortuous activities as it relates to the Plaintiff.").

Regardless of the veracity or consistency of the allegations in Plaintiff's Complaint, under general maritime law a cruise ship passenger may not bring a breach of contract claim against a cruise line for personal injuries, "unless there is an express provision in the contract of carriage guaranteeing safe passage." *Doonan v. Carnival Corp.,* 404 F. Supp. 2d 1367, 1372-1373 (S.D. Fla. 2005); *see also Doe v. Celebrity Cruises,* 145 F. Supp. 2d 1337, 1346-1347 (S.D. Fla. 2001) (dismissing breach of contract claim where plaintiff alleged that defendants breached an implied contractual duty when they failed to transport her to and from the cruise destination with the highest degree of care and vigilance for her safety, and holding that such breach of contract actions cannot be implied);

---

[2] The only Defendant named in the Guest Ticket Contract is NCL (Bahamas) Ltd. and Plaintiff fails to attach a contract between Plaintiff and any other Norwegian Defendant to support his claims for breach of contract.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

13-24206-CV-WILLIAMS/Turnoff

*Hass v. Carnival Cruise Lines, Inc.,* 1986 A.M.C. 1846, (S.D. Fla. 1986) (holding that the law of admiralty will not imply a provision guaranteeing safe passage, and granting summary judgment to the defendants where the contract in question contained no provision that would obligate the defendants to provide safe passage).

In the present case, the Guest Ticket Contract between the parties does not contain such a provision guaranteeing safe passage. *See Guest Ticket Contract.* Therefore, under general maritime law Plaintiff's allegation, even if it was true and not contradicted by the remainder of his allegations in his Complaint, is insufficient to state a claim for breach of contract against the Defendants. *See, e.g., Doonan,* 404 F. Supp. 2d at 1373; *Doe,* 145 F. Supp. 2d at 1346-47. Accordingly, Count VI, VIII, X, and XII of Plaintiff's Complaint should be dismissed with prejudice.

**IV. PLAINTIFF'S CLAIM FOR ATTORNEY FEES SHOULD BE STRICKEN BECAUSE PLAINTIFF HAS CITED TO NO STATUTORY AUTHORITY OR CONTRACT PERMITTING THE AWARD OF ATTORNEY'S FEES**

In Counts V-XII of his Complaint, Plaintiff demands that this Court award him attorney's fees. (DE 1, Count V-XII). However, under the "American Rule," attorney's fees may only be awarded pursuant to an entitling statute or an agreement of the parties. *Dade County v. Pena,* 664 So. 2d 959 (1995); *Bane v. Bane,* 775 So. 2d 938 (Fla. 2000); *State Farm Fire & Cas. Co. v. Palma,* 629 So. 2d 830 (Fla. 1993). Similarly, under general maritime law, a prevailing party is not entitled to attorney's fees unless they are statutorily or contractually authorized. *Stires v. Carnival Corp.,* 243 F. Supp. 2d 1313 (S.D. Fla. 2002); *Coastal Fuels Mktg., Inc. v. Florida Exp. Shipping Co., Inc.,* 207 F. 3d 1247, 1250 (11th Cir. 2000); *Garan Inc. v. M/V Aivik,* 907 F. Supp. 397 (S.D. Fla. 1995); *Noritake Co. v. M/V. Hellenic Champion,* 627 F. 32d 724 (5th Cir. 1980). In the instant case, Plaintiff failed to cite any statutory authority or provision of a contract which entitles him to attorney's fees. Accordingly, Plaintiff's claim for attorney's fees should be stricken.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**V.     NORWEGIAN CRUISE LINE LIMITED, NORWEGIAN CRUISE LINES, INC.; AND NCL AMERICA, INC. ARE IMPROPER PARTIES AND SHOULD BE DISMISSED**

As noted above, the only Defendant named in the Guest Ticket Contract is NCL (Bahamas) Ltd.  *See* Exhibit "A."  Further, despite Plaintiff's allegations that Norwegian Cruise line Limited, Norwegian Cruise Line Inc., and NCL America, Inc. are all authorized to do and w[ere] doing business in the State of Florida," even a cursory review of the status of these entities on sunbiz.org would have revealed to Plaintiff that they are inactive and/or dissolved entities that are not the proper parties to this lawsuit. *See* Florida Department of State, Division of Corporations, Entity Records for Norwegian Cruise line Limited, Norwegian Cruise Line Inc., and NCL America, Inc. attached hereto as Exhibit "B."  The only proper party to this lawsuit is NCL (Bahamas) Ltd. and the remaining Defendants should be dismissed.

WHEREFORE, Defendants, NORWEGIAN CRUISE LINE LIMITED, NORWEGIAN CRUISE LINES, INC., NCL (Bahamas) LTD., d/b/a NCL, and NCL AMERICA, INC. CARNIVAL CORPORATION, respectfully request that this Honorable Court dismiss Plaintiff's Complaint and grant any and all further relief that this Honorable Court deems just and proper.

Dated:  March 13, 2014
       Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: */s/    Darren W. Friedman*
JEFFREY E. FOREMAN, ESQ. (FBN 0240310)
jforeman@fflegal.com
DARREN W. FRIEDMAN, ESQ. (FBN 0146765)
dfriedman@fflegal.com
BRIAN H MCGUIRE, ESQ. (FBN 91848)
bmcguire@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Defendants

13-24206-CV-WILLIAMS/Turnoff

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 13th day of March, 2014.  We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/* *Darren W. Friedman*
Darren W. Friedman, Esq.
Brian H McGuire, Esq.

## SERVICE LIST
CASE NO: 13-24206-CV-WILLIAMS/Turnoff

| | |
|---|---|
| Scott L. Henratty, Esq., | Jeffrey E. Foreman, Esq. |
| servemalovehenratty@malovelawfirm.com | jforeman@fflegal.com |
| lspellacy@malovelawfirm.com | Darren W. Friedman, Esq. |
| MALOVE HERNATTY, P.A. | dfriedman@fflegal.com |
| 14 Rose Drive | Brian H McGuire, Esq. |
| Fort Lauderdale, Florida 33316 | bmcguire@fflegal.com |
| Tel: 954-767-1000/Fax: 954-767-1001 | FOREMAN FRIEDMAN, PA |
| Counsel for Plaintiff | One Biscayne Tower – Suite #2300 |
| | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Tel: 305-358-6555/ Fax: 305-374-9077 |
| | Counsel for Defendants |